UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 1:18-CV-11417-DJC

|  |  |
|---|---|
| HAROLD SHURTLEFF, and <br> CAMP CONSTITUTION, a public charitable trust, <br> <br> Plaintiffs, <br> v. <br> <br> CITY OF BOSTON and GREGORY T. ROONEY, <br> in his official capacity as Commissioner of the City <br> of Boston Property Management Department, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS CITY OF BOSTON AND GREGORY T. ROONEY**

Defendants City of Boston ("City") and Gregory T. Rooney, in his official capacity as Commissioner of the City of Boston Property Management Department, by and through their undersigned counsel, answer Plaintiffs' Complaint ("Complaint") upon knowledge to themselves and upon information and belief as to all other matters, as follows:

**INTRODUCTION**

1. The Defendants aver that the allegations in paragraph 1 of the Complaint describe Plaintiffs' requested relief and do not require an answer. To the extent that paragraph 1 may be deemed to contain factual allegations, they are denied.

2. The Defendants aver that the allegations in paragraph 2 of the Complaint describe Plaintiffs' requested relief and do not require an answer. To the extent that paragraph 2 may be deemed to contain factual allegations, they are denied.

1

3. The Defendants aver that the allegations in paragraph 3 of the Complaint are Plaintiffs' legal conclusions to which no answer is required. To the extent that paragraph 3 may be deemed to contain factual allegations, they are denied.

## JURISDICTION AND VENUE

4. The Defendants aver that the allegations in paragraph 4 of the Complaint are Plaintiffs' legal conclusions to which no answer is required. To the extent that paragraph 4 may be deemed to contain factual allegations, they are denied.

5. The Defendants aver that the allegations in paragraph 5 of the Complaint are Plaintiffs' legal conclusions to which no answer is required. To the extent that paragraph 5 may be deemed to contain factual allegations, they are denied.

6. The Defendants aver that the allegations in paragraph 6 of the Complaint are Plaintiffs' legal conclusions to which no answer is required. To the extent that paragraph 6 may be deemed to contain factual allegations, they are denied.

7. The Defendants aver that the allegations in paragraph 7 of the Complaint are Plaintiffs' legal conclusions to which no answer is required. To the extent that paragraph 7 may be deemed to contain factual allegations, they are denied.

8. The Defendants aver that the allegations in paragraph 8 of the Complaint are Plaintiffs' legal conclusions to which no answer is required. To the extent that paragraph 8 may be deemed to contain factual allegations, they are denied.

9. The Defendants aver that the allegations in paragraph 9 of the Complaint are Plaintiffs' legal conclusions to which no answer is required. To the extent that paragraph 9 may be deemed to contain factual allegations, they are denied.

## PARTIES

10. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Admitted.

13. Admitted, except that the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that the Commissioner was Commissioner of the City of Boston Property Management Department "at all times relevant herein".

## GENERAL ALLEGATIONS

### Plaintiffs' Applications for Permit

14. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, except that the Defendants admit that, on at least one occasion, Shurtleff submitted an application related to the City's raising of a flag on one of the City Hall flagpoles and the application was granted, and the Defendants deny that private parties "fly flags as part of free speech activities".

20. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint requires no response as 36 U.S.C. § 106 speaks for itself.

23. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, except that, to the extent this paragraph quotes a court decision, no answer is required as the decision speaks for itself.

24. The Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint, except to the extent that paragraph 24 of the Complaint purports to quote a document, no response is required as the document speaks for itself.

25. No response is required as the document speaks for itself. To the extent a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

26.     No response is required as the document speaks for itself.  To the extent a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

27.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28.     No response is required as the document speaks for itself.  To the extent a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

29.     No response is required as the document speaks for itself.

30.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31.     Admitted that the City of Boston received a letter dated September 14, 2017, purportedly from Plaintiffs' counsel, with an event application form attached as Exhibit B thereto.  No response is required to the remaining allegations in Paragraph 31 of the Complaint, as the letter speaks for itself, except that the Defendants deny the legal conclusion that there are "constitutional problems" with the City's denial of Shurtleff's request.

32.     Admitted that the City did not respond to the letter or to Shurtleff's event application, which was substantially the same as Shurtleff's first request.

**Defendants' Designated Public Fora and Permit Requirements**

33.     Denied that the City Hall flagpoles are a designated public space where citizens can engage in First Amendment activities.  The Defendants aver that the remainder of paragraph 33 contains legal conclusions to which no response is required.

34. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint, except that is admitted that the City of Boston manages a website with a webpage containing information regarding holding an event near City Hall. To the extent that paragraph 34 quotes from the City's webpage, no response is required as the document speaks for itself.

35. The first sentence is admitted. To the extent the second sentence quotes from a blank application form, no response is required as the form speaks for itself.

36. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. The first sentence is denied, except it is admitted that the City has held events at the City Hall flagpoles where it has raised flags requested by private parties and that those flags have related to various subjects. The second and third sentences are admitted.

38. Admitted, except it is denied that the City Hall flagpoles are a designated public forum.

39. Admitted, except that the Defendants deny that flag raising events occur at a designated public forum.

40. Denied, except it is admitted that the City does not have a written policy defining the term "non-secular".

41. Denied, except it is admitted that the City has raised secular flags on the City Hall flagpoles that contain religious language and symbols.

   a. Admitted.

   b. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this section of Paragraph 41.

6

42. Denied, except it is admitted that the City has a policy and practice prohibiting the raising of non-secular flags on the City Hall flagpoles.

43. Denied.

44. Denied.

45. Denied.

**Plaintiffs' Desire to Exercise Their Constitutional Rights in the Future**

46. Denied.

47. Denied.

## COUNT I

**Violation of Freedom of Speech
Under the First Amendment to the United States Constitution**

48. Defendants hereby repeat and incorporate by reference each and every answer contained in the preceding paragraphs numbered 1 through 47.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## COUNT II

### Violation of the Establishment Clause
### of the First Amendment to the United States Constitution

64. The Defendants hereby repeat and incorporate by reference each and every answer contained in the preceding paragraphs numbered 1 through 47.

65. Paragraph 65 alleges conclusions of law and therefore does not require a response.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

## COUNT III

### Violation of Equal Protection
### Under the Fourteenth Amendment to the United States Constitution

70. The Defendants repeat and incorporate by reference each and every answer contained in the preceding paragraphs numbered 1 through 47.

71. Paragraph 71 alleges conclusions of law and therefore does not require a response.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

## COUNT IV

**Violation of Freedom of Speech**
**Under Article 16 of the Massachusetts Declaration of Rights**

82. The Defendants repeats and incorporates by reference each and every answer contained in the preceding paragraphs numbered 1 through 47.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

## COUNT V

### Violation of Non-Establishment of Religion
### Under Articles 2 and 3 of the Massachusetts Declaration of Rights

98. The Defendants repeat and incorporate by reference each and every answer contained in the preceding paragraphs numbered 1 through 47.

99. Paragraph 99 alleges conclusions of law and therefore does not require a response.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

## COUNT VI

### Violation of Equal Protection
### Under Articles 1 and 3 of the Massachusetts Declaration of Rights

104. The Defendants repeat and incorporate by reference each and every answer contained in the preceding paragraphs numbered 1 through 47.

105. Paragraph One Hundred Five alleges conclusions of law and therefore does not require a response.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Defendants' decision to raise or not raise a flag is an exercise in government speech and does not infringe upon the Plaintiffs' constitutional rights.

### THIRD AFFIRMATIVE DEFENSE

The Defendants state that they at all times it acted in good faith and upon reasonable belief that their actions were required and in compliance with all relevant laws and circumstances.

### FOURTH AFFIRMATIVE DEFENSE

The Defendants state that they were justified in their acts and conduct and therefore Plaintiffs cannot recover.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert the claims alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

The Defendants state that their actions are entitled to and protected by a qualified immunity.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each count therein, is barred because the Plaintiffs have not sustained any injury or damages compensable at law.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint, and each count therein, is barred because the Defendants did not violate any constitutional, statutory, or common law rights, privileges, or immunities of the Plaintiffs.

### NINTH AFFIRMATIVE DEFENSE

The Complaint, and each count therein, is barred because the Defendants' actions were not pursuant to any unconstitutional policy, practice, custom, usage, rule, or regulation.

### TENTH AFFIRMATIVE DEFENSE

The Defendants' actions have at all times complied with the First Amendment of the United States Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' requested relief would cause the Defendants to violate the Establishment Clause of the First Amendment of the United States Constitution.

### TWELFTH AFFIRMATIVE DEFENSE

The Defendants' actions have at all times complied with the Fourteenth Amendment to the United States Constitution.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Defendants' actions have at all times complied with the Massachusetts Declaration of Rights.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this case and hereby reserve the right to amend this Answer and assert such defenses.

WHEREFORE, the Defendants respectfully request judgment granting the following relief:

I. Dismissing the Complaint against the City of Boston and Commissioner Rooney with prejudice;

II. Awarding the City of Boston and Commissioner Rooney the costs of defending this action, including attorney's fees, costs, and disbursements;

III. Granting the City of Boston and Commissioner Rooney such other and further relief as this Court may deem just and necessary.

Dated: August 13, 2018

Respectfully submitted,

DEFENDANTS CITY OF BOSTON and

GREGORY T. ROONEY, in his official capacity as COMMISSIONER OF THE BOSTON PROPERTY MANAGEMENT DEPARTMENT,

By their attorneys:

Eugene L. O'Flaherty,
Corporation Counsel

/s/ David J. Zuares

>David J. Zuares (BBO #681996)
>Assistant Corporation Counsel
>City of Boston Law Department
>One City Hall Plaza, Room 615
>Boston, MA 02201
>(617) 635-4048
>David.zuares@boston.gov
>
>/s/ Catherine Lizotte
>Catherine Lizotte (BBO #666468)
>Senior Assistant Corporation Counsel
>City of Boston Law Department
>City Hall, Room 615
>Boston, MA 02201
>(617) 635-3215
>Catherine.lizotte@boston.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2018 this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

>/s/ David J. Zuares
>
>David J. Zuares