UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| HAROLD SHURTLEFF, and CAMP CONSTITUTION, a public charitable trust, | : CIVIL ACTION : : No. 1:18-cv-11417-DJC |
| Plaintiffs, | : |
| v. | : |
| CITY OF BOSTON, and GREGORY T. ROONEY, in his official capacity as Commissioner of the City of Boston Property Management Department, | : : : : |
| Defendants. | : |

**PLAINTIFFS' MOTION TO STAY DISCOVERY AND
SCHEDULING OF TRIAL DEADLINES PENDING FINAL RESOLUTION
OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
AND INCORPORATED MEMORANDUM OF REASONS**

Plaintiffs, HAROLD SHURTLEFF, and CAMP CONSTITUTION, pursuant to L.R. 7.1, move the Court to stay discovery and the scheduling of trial deadlines pending final resolution of Plaintiffs' Motion for Preliminary Injunction (ECF 7), the Court's denial of which (ECF 19) is on appeal (ECF 23). In support thereof, Plaintiffs show the Court as follows:[1]

**Local Rule 16.1(b) Conference**

1. On August 29, 2018, the Court entered its Memorandum and Order (ECF 19) denying Plaintiffs' Motion for Preliminary Injunction (ECF 7). On the same date, the Court entered

---

[1] Because this motion addresses the discovery and trial scheduling matters contemplated by L.R. 16.1, Plaintiffs submit this motion and incorporated memorandum in lieu of a joint statement under L.R. 16.1(d). Plaintiffs will coordinate the filing of a joint statement promptly upon any determination by the Court that such a statement is necessary.

its Notice of Scheduling Conference (ECF 20), setting an initial scheduling conference for September 24, 2018.

2. Pursuant to L.R. 16.1(b), on September 6, 2018, counsel for the parties conferred telephonically regarding the matters to be covered at the Court's scheduling conference on September 24, 2018 (Not. Sched. Conf., ECF 20).

3. During the conference of counsel, Plaintiffs' counsel advised Defendants' counsel that Plaintiffs intended to appeal the Court's Order (ECF 19) denying Plaintiffs' Motion for Preliminary Injunction (ECF 7) and, as a result, would seek a stay of discovery and trial deadlines pending final appellate resolution of the preliminary injunction motion. Defendants' counsel advised Plaintiffs' counsel that Defendants intended to file a dispositive motion for judgment on the pleadings and, as a result, did not believe any discovery to be necessary.

4. In addition to advising of Defendants' intent to file a motion for judgment on the pleadings on or before October 24, 2018, Defendants' counsel proposed the following pretrial schedule:[2]

    1) **Initial Disclosures:** By October 9, 2018.

    2) **Amendments to Pleadings:** By October 9, 2018.

    3) **Fact Discovery Deadline:** January 14, 2019. (Plaintiffs also proposed a deadline of October 24, 2018 for service of initial written discovery requests.)

    4) **Status Conference:** February 25, 2019.

---

[2] If the Court denies Plaintiffs' request for stay herein, Plaintiffs do not concur with Defendants' proposed pretrial schedule. Plaintiffs would seek 8–9 months for discovery, and other pretrial deadlines in accordance therewith, based on the pending (and any future) appellate proceedings involving Plaintiffs' preliminary injunction motion (*see infra*, "Plaintiffs' Appeal"). Plaintiffs provide the Court with Defendants' proposed schedule to show the Court respective counsel's participation and cooperation in addressing the requirements of L.R. 16.1.

5) **Expert Discovery**.

    a. Plaintiffs' designations by <u>January 7, 2019</u>.

    b. Defendants' designations by <u>February 6, 2019</u>. (Defendants proposed 30 days after Plaintiffs' designations.)

    c. Expert depositions by <u>March 8, 2019</u>. (Defendants proposed completion of each expert's deposition within 30 days after designation.)

6) **Summary Judgment Motions.**

    a. Motions filed by <u>March 15, 2019</u>.

    b. Oppositions filed within <u>21 days</u> thereafter pursuant to L.R. 7.1.

7) **Trial:** Week of <u>May 13, 2019</u>.

## Plaintiffs' Appeal

5. On September 17, 2018, Plaintiffs filed their Notice of Appeal (ECF 23) of the Court's Memorandum and Order (ECF 19) denying Plaintiffs' Motion for Preliminary Injunction (ECF 7).

6. The First Circuit's disposition of Plaintiffs' appeal may substantially alter the scope of discovery or otherwise help frame necessary discovery, and may significantly impact and alter the course and conduct of this litigation, including shaping the First Amendment and statutory questions presented in this action.

7. Given the significance of the First Amendment issues presented, the side adversely affected by the First Circuit's disposition may well seek additional appellate remedies, up to and including a petition for certiorari review by the Supreme Court.

## Plaintiffs' Request for Stay

8. Given the lengthy process involved in the proceedings contemplated above, and the significant impact that final resolution of Plaintiffs' preliminary injunction motion is likely to have on this litigation, scheduling a trial date, setting discovery deadlines, and conducting any discovery

3

that may be  necessary for resolution of this litigation is more appropriate after this Court and any appellate courts which may take jurisdiction of this action have decided the preliminary injunction motion, including the significant constitutional and statutory matters currently at issue therein.

9. Continuing the deadline to file the joint statement required by L.R. 16.1(d) and staying discovery pending final resolution (including appeals) of Plaintiffs' preliminary injunction motion is in the best interests of judicial economy and this Court's and the Parties' respective resources.

10. This Court has inherent authority to stay discovery and other pretrial proceedings pending resolution of Plaintiffs' preliminary injunction motion. *See City of Bangor v. Citizens Communications Co.*, 532 F.3d 70, 99 (1st Cir. 2008) ("A district court enjoys inherent power to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936))); *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1154 (1st Cir. 1992) ("It is beyond cavil that, absent a statute or rule to the contrary, federal district courts possess the inherent power to stay pending litigation when the efficacious management of court dockets reasonably requires such intervention.")

11. District courts often consider three factors to guide their discretion in deciding a stay motion: "(1) the stage of the litigation, including whether discovery is complete and a trial date has been set; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Aplix IP Holdings Corporation v. Sony Computer Entertainment, Inc.*, 137 F. Supp. 3d 3, 4–5 (D. Mass. 2015) (internal quotation marks omitted). All three factors favor a stay in this case.

12. First, "[b]ecause this suit is in its incipient stages, the first factor, regarding the extent of completed discovery, weighs in favor of stay." *Koninklijke Philips N.V. v. Amerlux, LLC*, 167 F. Supp. 3d 270, 274 (D. Mass. 2016). Second, and as shown above, the First Circuit's (or Supreme Court's) rulings in Plaintiffs' appeal (*e.g.*, on forum analysis or establishment clause issues) will likely simplify the issues in question, and ultimately the trial of this case. Third, there will be no undue prejudice or clear tactical disadvantage to Defendants. "[P]otential for delay does not, by itself, establish undue prejudice." *Aplix IP Holdings*, 137 F. Supp. 3d at 5. Defendants themselves do not believe any discovery is necessary. And, most importantly, Defendants' challenged Flag Pole policies will remain in force without alteration during the pendency of Plaintiffs' appeal.

13. If the Court grants the stay requested herein, Plaintiffs propose that the parties submit a joint statement under L.R. 16.1(d) within fourteen (14) days after the final appellate resolution of Plaintiffs' preliminary injunction motion. Alternatively, if the Court does not grant the stay requested herein, then Plaintiffs propose submitting a joint statement under L.R. 16.1(d) within seven (7) days after the Court's order, incorporating Defendants' proposed schedule and also providing Plaintiffs' proposed schedule for the Court's consideration.

14. In accordance with L.R. 7.1(a)(2), the undersigned counsel for Plaintiffs conferred with Defendants' counsel regarding the stay requested in this motion. Plaintiffs' counsel is authorized to represent to the Court that Defendants oppose the stay.

WHEREFORE, for good cause shown, Plaintiffs respectfully request that the Court (1) stay all discovery and the scheduling of trial deadlines pending final appellate resolution of Plaintiffs' preliminary injunction motion, including any review that may be sought from the United

States Supreme Court, and (2) order that the L.R. 16.1(d) joint statement be filed within fourteen (14) days after such final appellate resolution of Plaintiffs' preliminary injunction motion.

Respectfully submitted,

| | |
|---|---|
| Ryan P. McLane (Mass. 697464)<br>MCLANE & MCLANE<br>975A Springfield Street<br>PO Box 105<br>Feeding Hills, MA 01030<br>413-789-7771<br>ryan@mclanelaw.com | /s/ Roger K. Gannam<br>Mathew D. Staver (Fla. 701092)[†]<br>Horatio G. Mihet (Fla. 26581)[†]<br>Roger K. Gannam (Fla. 240450)[†]<br>LIBERTY COUNSEL<br>P.O. Box 540774<br>Orlando, FL 32854-0774<br>407-875-1776<br>court@lc.org<br>hmihet@lc.org<br>rgannam@lc.org<br>*Attorneys for Plaintiffs*<br>[†]Admitted to appear *pro hac vice* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically with the Court on this September 17, 2018. Service will be effectuated by the Court's electronic notification system upon all counsel or parties of record.

/s/ Roger K. Gannam
Attorney for Plaintiffs

6